ELIZABETH P. FAHY *vs.* NEW ENGLAND TRANSPORTATION COMPANY.

MAY 14, 1943.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CONDON, J. This is an action of trespass on the case for negligence to recover damages for personal injuries sustained by the plaintiff while a passenger on defendant's bus. After a verdict for the plaintiff was returned by a jury in the superior court, defendant moved in that court for a new trial, which was denied on condition that the plaintiff remit a certain portion of the damages that the trial justice found to be excessive. Plaintiff duly remitted such excess and the case was certified to this court on defendant's bill of exceptions.

Among the numerous exceptions set out in defendant's bill, the only ones we find it necessary to consider are those to the denial of its motion for a directed verdict, to the admission of certain testimony and to the denial of its motion to take the case from the jury and pass it, which motion was made immediately after the admission of such testimony. We shall consider these exceptions in that order.

In support of its exception to the denial of its motion for a directed verdict, the defendant contends that there was no evidence on which the jury could reasonably find that the operator of its bus was negligent. Defendant argues that the evidence was undisputed that its operator was confronted by a sudden emergency which was created by the driver of an automobile "cutting in" in front of its bus and

suddenly coming to a stop, and as a result of which the operator of the bus was forced to suddenly apply his brakes. Defendant also contends that there was no evidence that the plaintiff sustained her injuries by the impact of the bus colliding with the automobile ahead of it rather than by reason of the sudden application of the brakes, and that, to entitle her to go to the jury, there must be evidence on which the jury could reasonably find that she suffered her injuries as a result of the collision.

The difficulty with these contentions is that they are predicated on a view of the evidence favorable to the defendant. On our consideration of defendant's exception to the denial of its motion for a directed verdict, we must view the evidence in a light most favorable to the plaintiff, and this without regard to its weight or the credibility of the witnesses. While defendant concedes that such is the rule and claims to have predicated its above-mentioned contentions thereon, we think that it has not done so.

Plaintiff was thrown out of her seat in the bus when it collided with an automobile, which had stopped in front of it and alongside a street railway car that was also stopped and was discharging passengers. The collision occurred on Washington street in the city of Boston in the commonwealth of Massachusetts late in the afternoon of June 20, 1940. How it occurred or what caused it is a matter of controversy. It appears from the evidence, however, that a very brief time before the accident the automobile, moving at about twenty-five miles an hour, passed the bus on its left side. The bus was then moving at about twenty miles an hour on its right side of Washington street about two feet from the curb, and a street car was about twenty feet directly ahead of the automobile.

After passing the bus the driver of the automobile "pulled over" ahead of it to the right of the street car. He then continued alongside the car and, as it started to slow down, he slowed down and stopped as the car stopped. In about

five or six seconds after he stopped, the bus struck his automobile squarely in the rear and moved it about eighteen inches. He testified that immediately after the collision the operator of the bus said to him: "I thought you were going to blow your horn and go by the electric car." This was denied by the operator. He testified, however, that he noticed the electric car slowing down and that he knew there was a stop sign just ahead where the car could receive and discharge passengers. Defendant's claim agent testified that the driver of the automobile told him that he, the driver, "cut in" in front of the bus and this expression was used in a signed statement made by the driver and given to the agent. On the witness stand the driver denied that he "cut in"; he testified that he "pulled over" in front of the bus.

We cannot say that there was no evidence here on which the jury could reasonably find that the operator of the bus was negligent. Whether or not there was an emergency created by the driver of the automobile depends, on this record, upon the weight of the evidence and the credibility of the witnesses. The jury might have reasonably found that, after observing the driver of the automobile pull over and straighten out its course in front of him, and after noticing the electric car slowing down near a car stop for passengers, the operator should have brought his bus under control so that, if the driver of the automobile in front of him was compelled to stop, he could also stop his bus without colliding with the automobile. They might also have reasonably found that the operator of the bus thought, without any good reason for doing so, that the driver of the automobile was going to blow his horn and go by the electric car as testified to by the driver; and from this they could have reasonably inferred that the operator of the bus was negligent in thus relying upon such assumption.

Whether or not the driver of the automobile created an unexpected emergency by the manner in which he operated his automobile was also a question of fact on all the evi-

dence. The use of either the expression "cut in" or "pull over" to describe how he drove his automobile in front of the bus does not, of itself, prove either that the driver of the automobile did or did not create an emergency for the operator. That question is to be decided on all the evidence and the jury might reasonably have found that no emergency was thereby created which would justify or excuse the conduct of the operator of the bus. In such event, whether the collision or the sudden application of the brakes caused the plaintiff's injuries would not be material. In either case her injuries would be due to the negligence of the operator of the bus. We therefore overrule defendant's exception to the denial of its motion for a directed verdict.

During the trial the defendant's bus operator testified in cross-examination, without objection, that he was no longer employed by the defendant. Thereafter, over the objections of defendant, he testified as follows: "Q. When did you sever your connection with it? A. About a month later. Q. You were relieved of your duties, were you not, on June 20, 1940? A. Yes." Immediately after the latter answer, which was thus deliberately elicited by plaintiff's counsel, and after exception had been noted to each ruling admitting the question, the defendant moved to take the case from the jury and pass it on the ground of ineradicable prejudice. This motion was denied and defendant's exception noted.

These exceptions raise an important question and one upon which very little authority has been found. Defendant has cited a case from New York which, in principle, appears to be analogous to the instant case and which holds that the discharge of an employee following an accident in which he was involved cannot be shown to prove that the defendant employer was negligent. *Winters* v. *Naughton,* 91 App. Div. (N. Y.) 80. Plaintiff has cited no authority in support of the admission of such evidence, and we have not found any.

Under the circumstances here we are of the opinion that the evidence objected to was irrelevant and immaterial on the issue of the bus operator's negligence. The reaction of his employer to the fact of the accident in which its bus was involved could not have any bearing on the question whether the bus operator, in the situation in which he was at the time of the accident, was in the exercise of due care; and therefore it was prejudicial error to allow such matter to go to the jury.

There is in this connection a further question for us to consider in view of the granting of certain of the defendant's requests to charge on this matter. At the conclusion of the trial justice's charge to the jury the following charges were requested by the defendant and given: "The fact that the driver of the bus was 'relieved of his duties' the day after the accident is not evidence of negligence on the part of the defendant. The fact that the driver of the bus was 'relieved of his duties' the day after the accident is not an admission of liability on the part of the defendant." After so instructing the jury the trial justice went on to say: "There is that testimony here in reference to his being relieved and upon the terminating of his relations with the company. . . . There might be, as you all know, one hundred and one different reasons and the mere fact that he was relieved from his duties, pending possibly an investigation or otherwise,—I don't know what the rules of the company may be,—that is not proof that the company was negligent. And I so instruct you as requested in these two various requests."

Did the giving of such charges, as requested, remove the prejudice which was created in allowing such testimony to go to the jury? It is not easy to say positively whether it did or not. If such testimony was not evidence of negligence to be considered by them in connection with other evidence tending to prove or disprove that issue, for what purpose was it admitted? Since the jury were not told to

disregard it entirely and since they were present when the trial justice, over the objections of the defendant, ruled that it was admissible, they may very well have concluded that they had a right to consider it as of some weight in favor of the plaintiff when they came to weigh the evidence before them. The trial justice in elaborating upon the defendant's requests did not say that the testimony was not evidence and that it should be disregarded entirely, he merely said that it was not *proof* of defendant's negligence. If this is merely a confusion in terminology on the part of the trial justice, nevertheless we cannot be certain that the jury properly understood him. They may well have thought he meant that such testimony did not of itself prove that defendant's bus operator was negligent but that they were still entitled to consider it along with other evidence on that issue.

On the whole, we have resolved the difficulty in this matter on the side of caution and a conviction that justice will be better served if this case is retried without the disturbing element of such testimony.

Defendant's exception to the denial of its motion for a directed verdict is overruled, and its exceptions to the admission of the above-quoted testimony and to the denial of its motion to take the case from the jury are sustained. In view of this conclusion there is no need to consider defendant's other exceptions.

The case is remitted to the superior court for a new trial.

*Peter W. McKiernan, William E. Walsh,* for plaintiff.

*Eugene J. Phillips, Marshall Swan, Swan, Keeney & Smith,* for defendant.